{¶ 99} I concur in the majority's analysis and disposition of appellant's first, third, and fifth assignments of error.
 {¶ 100} I also concur in the majority's general analysis and disposition of appellant's second assignment of error. However, unlike the majority, I am not convinced the trial court's proffered reasons for finding appellant committed the worst form of the offense are sufficient to support that finding.
 {¶ 101} The fact the victims were traumatized does not, in and of itself, demonstrate appellant committed the worst form of the offense. It is expected any victim of a robbery will be traumatized. Although appellant threatened to inflict serious physical harm on each of the robbery victims, he neither attempted nor inflicted any actual serious physical harm. I am, by no means, trying to minimize the fear and trauma felt by each victim, however, I suggest the infliction of actual serious physical harm would inherently be a worse form of the offense, as it would encompass both traumatization and serious physical harm.
 {¶ 102} The trial court also notes the robberies were part of a well organized group of criminal activity and there were repeated robberies. While relevant to whether appellant posed the greatest likelihood to reoffend (and whether consecutive sentences were appropriate), I do not believe such factors elevate each individual robbery into the worst form of the offense.
 {¶ 103} The trial court also justifies its finding on the basis the victims were poor working people. While I share the trial court's indignation over victimization of the poor, I do not find a victim's social status or level of earnings justify a finding the robbery was the worst form of the offense.
 {¶ 104} Nevertheless, I do concur the record supports the trial court's reasons for finding appellant poses the greatest likelihood to reoffend for the reasons set forth by the trial court.
 {¶ 105} I further concur in the majority's disposition of appellant's fourth assignment of error. The trial court did not abuse its discretion in allowing the State to reopen its case to call Shamica Harris to testify. However, unlike the majority, I would refrain from drawing any conclusion as to whether appellant was prejudiced by her testimony.